## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAITRIONA BRADY | : CIVIL ACTION NO. 2:19-cv-05082-MAK |
| | : |
| Plaintiff, | : |
| -vs- | : |
| | : |
| THE MIDDLE EAST FORUM, | : |
| DANIEL PIPES (*individually*), | : |
| GREGG ROMAN (*individually*), and | : |
| MATTHEW BENNETT (*individually*) | : |
| | : |
| Defendants. | : |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FED. R. CIV. P. 12(b)(1) AND FED. R. CIV. P. 12(b)(6)

### I.    INTRODUCTION

Defendants The Middle East Forum ("MEF" or the "Forum"), Daniel Pipes ("Pipes"), Gregg Roman ("Roman"), and Matthew Bennett ("Bennett") (collectively, "Defendants") move to dismiss Claims I-VIII of Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.

### II.    SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff 's Complaint includes 364 allegations, many of which are repetitive, conclusory, and not relevant to the claims asserted.  In order to keep the foregoing succinct and focused, Defendants set forth a short summary of the relevant, factual allegations.

A.      <u>**The Parties and Claims.**</u>

Plaintiff alleges she was discriminated against on the basis of her sex and gender, forced to endure a hostile work environment, and retaliated against by MEF, Pipes (President), Roman (Director), and Bennett (a former employee).  (Compl., at ¶ 11, 14).

Plaintiff began working at the Forum in May 2017 as an intern.  (Complaint, at ¶ 18, 19.) MEF later promoted her to Development Associate.  (*Id.* at ¶ 20).  She resigned from the Forum in 2019 after receiving notice of right to sue with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC").

B.      <u>**Plaintiff's General Allegations of an Uncomfortable Work Environment Do Not Provide Specific Dates of the Alleged Occurrences.**</u>

Plaintiff's Complaint contains a plethora of general allegations of misconduct. However, Plaintiff does not make a single specifically dated allegation of misconduct against any defendant.

Plaintiff makes general conclusory allegations that she was subjected to "discrimination and harassment based upon sex and gender, and retaliation by Defendant, Gregg Roman [and that MEF] should be held to a proxy-liability standard." (Compl. at ¶ 27).  She cites several instances of alleged misconduct, but she does not allege any specific dates.  (*See* generally, Complaint). And, until the dual filing of a Charge of Discrimination with the EEOC and PHRC in June 2019, Plaintiff never made any reports of misconduct to the Forum or Pipes.  (*See generally*, the Compl).

III.    **STANDARD OF REVIEW**

MEF moves to dismiss Counts I and II of the Complaint for failure to state a claim upon which relief can be granted.  A plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiff must plead "more than labels and

conclusions, and a formulaic recitation of the elements of the cause of action will not do."
*Twombly*, 550 U.S. at 555.  Her conclusory allegations are "not entitled to be assumed true."
*Iqbal*, 556 U.S. at 681 (citing *Twombly*, 550 U.S. at 554-55).  Moreover, the factual allegations
in Plaintiff's complaint must be enough to "raise a right to relief above the speculative level."
*Twombly*, 550 U.S. at 555.  Thus, allegations based upon Plaintiff's "information and belief" are
insufficient because they are based on mere speculation. *See, e.g., Advanced Oral Techs., LLC v.
Nutrex Research, Inc.*, No. 10-5303, 2011 WL 1080204, at *4 n. 6 (D.N.J. Mar. 21, 2011)
("Allegations made upon information and belief—which are little more than conjecture and
wishful thinking—have little hope of salvaging an otherwise defective complaint").

Defendants also move to dismiss Plaintiff's claims brought under the Pennsylvania
Humans Relations Act "(PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO")
(Claims III-VIII) due to the Court's inability to exercise subject-matter jurisdiction over claims
that are not ripe.  Where a motion to dismiss challenges a plaintiff's Article III constitutional
standing, the motion is considered a "facial attack" made under Rule12(b)(1). *Thorne v. Pep
Boys-Manny*, 397 F.Supp.3d 657, 662-63 (E.D. Pa. 2019); *see also* Fed. R. Civ. P. 12(b)(1)
(providing that a party may move to dismiss a complaint for lack of subject-matter jurisdiction).
A court reviewing a "facial challenge" to jurisdiction, which is a contest to the sufficiency of the
pleadings, "must only consider the allegations of the complaint…in the light most favorable to
the plaintiff." *Id,.* at 662.

This Third Circuit uses a three-step process for determining the sufficiency of a
complaint.  First, this Court should "'tak[e] note of the elements a plaintiff must plead to state a
claim.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 675).
Second, this Court "should identify those allegations that 'because they are no more than

conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Third, "'w[hen] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.*

## IV.   ARGUMENT

### A.   <u>Plaintiff's Title VII claims are insufficiently pled.</u>

Plaintiff alleges that she was subject to an unlawful hostile-work environment and retaliation in violation of Title VII. (*See* generally Compl). However, because Plaintiff has not pled any specific dates in the allegations of her Complaint, Counts I and II brought under Title VII should be dismissed.

Normally, a plaintiff does not have to allege specific dates to survive a motion to dismiss. This is different, however, where the plaintiff seeks to use the continuing-violations theory. (*Chisolm v. The T.J.X. Co., Inc*., 286 F.Supp.2d 736, 739 (E.D.Va.2003)(finding that allegations in its 1981 claim were insufficient where the plaintiff sought to use the continuing-violation theory, but did not allege specific dates).

Here, as part of her claim, Plaintiff alleges that another MEF employee was harassed in April 2018. This is well outside her 300-day limitations period with the EEOC. She also alleges numerous other instances of alleged misconduct involving her directly and other MEF employees. But none of the allegations have any dates. Since it is clear that Plaintiff will (i.e., must) invoke the continuing violation theory to make her claims timely, she must allege specific dates for alleged misconduct that she contends is illegal. This is the only way for the Court to judge the timeliness of her claims and to control the scope of discovery moving forward.

Thus, the court should dismiss Plaintiff's claim or, at least, order her to provide more specific allegations.

**B.**     **Counts III through VIII brought under the PHRA and Philadelphia Fair Practices Ordinance should be dismissed because they are admittedly not yet ripe for suit.**

Where a defendant's motion to dismiss challenges a plaintiff's Article III constitutional standing, the motion is considered a "facial attack" made under Rule12(b)(1). *Thorne v. Pep Boys-Manny*, 397 F.Supp.3d 657, 662-63 (E.D. Pa. 2019); *see also* Fed. R. Civ. P. 12(b)(1) (providing that a party may move to dismiss a complaint for lack of subject-matter jurisdiction). A court reviewing a "facial challenge" to jurisdiction, which is a contest to the sufficiency of the pleadings, "must only consider the allegations of the complaint…in the light most favorable to the plaintiff." *Id.*, at 662.

Article III of the Constitution provides that there must be an actual case or controversy before jurisdiction can be conferred on the federal courts. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006) (explaining "no principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies") (internal quotations omitted). Without an actual case or controversy, a plaintiff does not have standing.

Federal judicial power is limited to "cases or controversies" by Article III of the Constitution. *Constitution Party of Penn. v. Cortes*, 712 F.Supp.2d 387, 395 (E.D. Pa. 2010) (dismissing complaint where claims were not yet ripe). "'Courts enforce the case-or-controversy requirement through several justiciability doctrines,' including 'standing, ripeness, mootness, the political-question doctrine, and the prohibition on advisory opinions.'" *Id.* (quoting *Toll Bros., Inc. v. Twp. of Readington,* 555 F.3d 131, 137 (3d Cir. 2009)). Ripeness "'is a component of the Constitution's limitation of the judicial power to real cases and controversies.'" *Id.* (quoting *Presbytery of N.J. of Orthodox Presbyterian Church v. Florio*, 40 F.3d 1454, 1462 (3d Cir. 1994)). The ripeness doctrine is invoked to "determine whether a party has brought an action prematurely

5

and counsels abstention" until a later date when the dispute can "satisfy the constitutional and prudential requirements of the doctrine.'" *Id.* (quoting *Khodara Envtl., Inc., v. Blakely*, 376 F.3d 187, 196 (3d Cir. 2004).

Here, Plaintiff concedes that six of her claims are not yet ripe. Plaintiff's Complaint expressly admits that Counts III through VIII are not viable by stating that her "claims under the Pennsylvania Humans Relations Act and the Philadelphia Fair Practices Ordinance are not yet ripe for suit." (Compl., at ¶ 15.) Therefore, she has invited dismissal. This Court does not have jurisdiction over the unripe claims. Counts III, IV, V, VI, VII, and VIII (claims brought under the PHRA and the PFPO) must be dismissed with prejudice.

      **C.**     **Counts III through VIII against Pipes and Roman should be dismissed because Plaintiff's claims are not yet ripe for suit.**

Plaintiff brings Title VII claims (Count's I and II) against corporate defendant MEF. Plaintiff also seemingly brings PHRA and the Philadelphia Fair Practices Ordinance ("PFPO") claims (Counts III-VIII) against Defendants MEF, Pipes, Roman, and Bennett. However, as discussed above, Claims III-VIII are not yet ripe for suit (Plaintiff unequivocally admits that six of her claims are not yet ripe). (Compl., at ¶ 15.) Because the Court lacks subject matter jurisdiction, these claims against Pipes, Roman and Bennett must be dismissed. Therefore, Defendants Pipes, Roman, and Bennett should be dismissed from the suit entirely.

**V.      CONCLUSION**

For the reasons set forth above, the Court should dismiss with prejudice Ms. Brady's claims against Defendants for violations of federal and state statutes.

Respectfully submitted

By: _/s/ David J. Walton_

David J. Walton
Leigh Ann Benson
COZEN O'CONNOR
One Liberty Place
1650 Market Street
Philadelphia, PA 19103
Phone: (215) 665-2000
*Attorneys for Defendants The Middle East Forum, Daniel Pipes, Gregg Roman, and Matthew Bennett*

Dated: November 27, 2019