## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAITRIONA BRADY | : CIVIL ACTION NO. 2:19-cv-05082-MAK |
| Plaintiff, | : |
| -vs- | : |
| THE MIDDLE EAST FORUM, | : |
| Defendant. | : |

## REPORT OF RULE 26(f) MEETING

Pursuant to this Court's order dated January 17, 2020 (ECF No. 15), undersigned counsel for defendant The Middle East Forum ("Defendant" or "The Forum") submits this Rule 26(f) Report. Defendant's counsel attempted to confer with counsel for plaintiff Ms. Caitriona Brady ("Plaintiff" or "Brady") and drafted a proposed joint report in accordance with Fed. R. Civ. P. 26(f). As of the submission of this report, Plaintiff's counsel had not responded regarding the proposed joint report; therefore, Defendant's submit the following:

**1. Discussion of specific claims, defenses and relevant issues.**

Plaintiff is a former employee of defendant The Forum. She alleges that she was subject to an ongoing campaign of discrimination and harassment in the workplace. As a result, Plaintiff has brought three claims against the Defendant. Plaintiff's first claim alleges hostile work environment and disparate treatment under Title VII. Plaintiff's second claim alleges retaliation under Title VII. Plaintiff's third claim alleges negligent hiring, retention and supervision. Plaintiff seeks damages for the injuries that she allegedly suffered. Defendant denies all claims and any liability alleged by Plaintiff.

**2. Stipulated facts and insurance coverage and deductibles.**

Plaintiff's counsel has not responded regarding the proposed joint report and, therefore the Parties were not able to stipulate to facts. Defendant submits the following neutral facts:

The Forum is a business organization operating under the laws of the Commonwealth of Pennsylvania. (Answer to Am. Compl. at ¶ 2). Brady began her employment as an intern for The Forum around May 2017. (Id. at ¶ 17, 18). Brady later transitioned into a Development Assistant role. Plaintiff alleges that during her employment, the Director of The Forum subjected her to discrimination and harassment and forced her to work in a hostile work environment based upon her sex and gender up until her employment with the Forum ended on October 11, 2019. (*See generally,* Answer to Am. Compl). Defendant denies these allegations.

On June 20, 2019, Brady filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant. (Id. at ¶ 13). Plaintiff's Charge of Discrimination was filed with the Pennsylvania Human Relations Commission and the Philadelphia Commission on Human Relations. (Id). On or about July 31, 2019, the EEOC issued and sent a Notice of Rights to Plaintiff. (Id. ¶ 15). On October 29, 2019, Brady filed her Complaint in the United States Eastern District of Pennsylvania. (ECF 1). On December 18, 2019, she filed her Amended Complaint. (ECF 11). Plaintiff has brought claims under Title VII of Civil Rights Act of 1964 for discrimination, hostile work environment, disparate treatment, and retaliation. (*See* generally Answer to Am. Compl). She also brought a claim for negligent hiring, retention and supervision. (Id). On January 16, 2020, Defendant filed an Answer to Plaintiff's Amended Complaint denying any and all allegations and liability.

**Insurance information**: Defendant holds a policy with The Hartford/ Navigators. Retention on the policy is $5,000, and there is a $3,000,000 maximum aggregate limit of liability for all loss, including costs of defense.

3. **Informal disclosures.**

The Parties are scheduled to attend an initial pretrial conference on January 31, 2020, at 9:00am.

4. **Additional disclosures [in patent non-ANDA cases only].**

N/A

5. **Formal Discovery.**

Defendant has identified the following issues on which discovery will be conducted:

1. Plaintiff's employment history;
2. Plaintiff's job performance;
3. Plaintiff's separation from The Forum;
4. Communications between parties;
5. Similarly situated employees and interactions with superiors;
6. The alleged discrimination, harassment and retaliation Plaintiff was subjected to;
7. Plaintiff's efforts to report alleged discrimination, harassment and retaliation;
8. Defendant's efforts to investigate the allegations by co-workers;
9. Potential counterclaims against Defendant;
10. Information obtained through subpoena from third-parties including Defendant's former employees, and other witnesses present during the alleged discrimination, harassment and retaliation; and

11. Plaintiff's alleged damages.

Defendant served its initial disclosures upon Plaintiff on January 17, 2020. Plaintiff has not served her initial disclosures. Defendant served requests for the production of documents, interrogatories, and requests for admission on Plaintiff on January 28, 2020.

Defendant anticipates issuing subpoenas for third-party discovery from colleagues, former co-workers, and associates of Plaintiff who interacted and communicated with her regarding her allegations, claims and defenses.

Defendant proposes the following case management deadlines:

1) Deadline to serve initial disclosures under Rule 26(a)(1): January 30, 2020;

2) Deadline to amend pleadings to add claims or Parties: June 20, 2020;

3) Deadline for affirmative expert reports (if any) and disclosure of lay witness opinion testimony with related information and documents (if any): October 8, 2020;

4) Deadline for rebuttal expert reports (if any): November 8, 2020;

5) Deadline to complete discovery: November 5, 2020; and

6) Deadline to file motion for summary judgment: December 11, 2020

Defendant seeks more than 90 days for fact discovery because there are numerous related claims. Plaintiff identified numerous instances and individuals in her Complaint. Defendant will need to conduct extensive ESI-discovery, especially from social media and cellular/ mobile phones.

Defendant anticipates a meet and confer after the Rule 16 conference to set aside dates to hold open for depositions. Defendant anticipates setting aside 15-20 dates for depositions.

6. **Electronic discovery.**

Defendant anticipates extensive discovery of electronically-stored information ("ESI") in this matter. Defendant has identified extensive email correspondence, text messages, social media evidence, other non-email electronic communications and documents as the primary sources of ESI in this matter. Defendant believes search terms will be necessary and will work with Plaintiff to agree on search terms. Defendant does not anticipate cost-shifting under the Federal Rules of Civil Procedure. The Parties have not yet agreed to an ESI stipulation.

7. **Expert witness disclosures.**

Defendant will likely utilize and depose a financial damages expert, as well as a potential Rule 35 – Physical and Mental Examination medical expert. Defendant understands that the Court requires expert reports to be exchanged simultaneously, witness rebuttal reports required shortly thereafter, and expert discovery to be completed with fact discovery.  Defendant anticipates that affirmative expert reports will be exchanged on or before October 8, 2020; and the rebuttal to the expert reports (if any) will be exchanged on or before November 8, 2020.

8. **Settlement or resolution.**

Defendant is open to working towards an early resolution.

9. **Trial**.

Defendant has not identified any conflicts.

10. **Referral to Magistrate Judge.**

Defendant consents to the referral of to this case to U.S. Magistrate Judge Heffley.

11. **Other matters.**

Defendant would like to notify this Court that Plaintiff's lawsuit is one of three suits that were filed against The Forum where there are overlapping issues of fact and law. Accordingly, at

the request of the Honorable District Judge Anita B. Brody, the Parties have submitted a joint stipulation to consolidate the three cases (2:19-cv-05030-JDW; 2:19-cv-05082-MAK; 2:19-cv-05029-AB) for discovery purposes only.  The Parties' joint stipulation for consolidation of discovery dated January 24, 2020, is presently pending before the Honorable District Judge Anita B. Brody.

                Respectfully submitted,

                */s/ David J. Walton*
                David J. Walton, Esq. (PA#86019)
                Leigh Ann Benson, Esq. (PA#319406)
                COZEN O'CONNOR
                1650 Market Street
                Suite 2800
                Philadelphia, PA 19103
                Phone: 215-665-2000
                *Attorneys for Defendant*

                Dated: January 29, 2020